IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERALD FULLER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-11-1751 |
| KATHLEEN GREEN | * | |
| Defendant | * | |

**MEMORANDUM**

Pending is Defendant's Response to Order to Show Cause. ECF No. 6. Plaintiff has filed a Reply (ECF No. 8) and a Motion for Hearing (ECF No. 7). Plaintiff has also filed correspondence indicating he has been transferred to another prison and is still deprived of word processing disks and legal materials.[1] ECF No. 10 – 12. With respect to the pending Motion for Temporary Restraining Order, the court finds no need for a hearing. *See* Local Rule 105.6 (D. Md. 2011).

Plaintiff alleges that his word processor and disks containing numerous legal files were confiscated by prison officials improperly. ECF No. 1. Plaintiff states that he filed approximately 33 complaints in the "state grievance system" against Warden Horning because Horning tried to take his "court-ordered word processor and disk."[2] *Id*. at p. 4. Plaintiff states that he has spent four years exhausting the complaints through the grievance procedure and preparing to file a lawsuit, and now Warden Green has seized all of the legal files, both paper and electronic copies. Plaintiff states the actions of seizing his legal materials has deprived him of meaningful access to courts.

---

[1] At the time this case was initiated Plaintiff was confined at Eastern Correctional Institution (ECI); he is now confined at North Branch Correctional Institution (NBCI).
[2] The complaints Plaintiff filed concerned matters such as the seizure of his word processing disk and being forced to go out into an electrical storm.

Defendants assert that Plaintiff's word processor and other materials were removed from his possession because he was found guilty of an infraction after he assaulted another inmate. ECF No. 6 at Ex. 1. Plaintiff was observed assaulting another inmate, Gary Mundell, by Correctional Officer Oppel. Oppel states he saw Plaintiff engage in a verbal altercation with Mundell which progressed to physical violence when Mundell turned his back on Plaintiff. At that time Plaintiff hit Mundell with a clinched right hand. Mundell then turned around and hit Plaintiff in the mouth. Plaintiff fell to the floor and the two men were cuffed and removed from the area. Despite Plaintiff's claim that the weapon he was holding was something he found and was trying to turn in, the hearing officer found him guilty of fighting with another inmate and possession of a weapon. Evidence relied upon to support his guilt included the officer's testimony, pictures of Plaintiff and Mundell, and a picture of the weapon. The hearing officer noted that Mundell suffered scratches on the left side of Mundell's back, head, and arm as well as a puncture wound to the middle of his back. *Id*. at p. 9. Plaintiff had blood coming from his mouth and hands. *Id*.

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

It is undisputed that Division of Correction policy does not permit inmates assigned to disciplinary segregation to possess word processors. Plaintiff asserts that he was not assigned to disciplinary segregation, but to administrative segregation when his property was removed from his possession. ECF No. 8. Plaintiff's assertion is a distinction without a difference. He was assigned to administrative segregation pending adjustment proceedings. ECF No. 6 at Ex. 1, p. 3.

Defendant also maintains that this court previously found that Plaintiff was not entitled to keep his word processor while on disciplinary segregation. *See Fuller v. Horningi,* Civ. Action WMN-08-2300 (D. Md.). In that case Defendant took the additional measure of allowing Plaintiff to print out saved materials from the discs taken so he could have access to the legal materials he needed for any pending deadlines. There is no evidence that this additional step was taken in this case; however, there is also no evidence that Plaintiff has been deprived of access to courts.[3] Plaintiff simply concludes, without offering specific details, that he has many active cases and now cannot comply with deadlines for appeals. There is no allegation regarding why access to his word processor would make a difference.

Plaintiff's ability to file motions and other pleadings in the instant case belie his assertion that he is without resources to pursue legal claims. Thus, he has failed to establish that he is entitled to injunctive relief. Additionally, Plaintiff's assertion that the property was removed from his possession and that he was transferred to another prison as retaliation for his litigation is unsupported by any evidence aside from Plaintiff's bald assertion. "In the prison context, we treat such claims with skepticism because '[e]very act of discipline by prison officials is by

---

[3] Plaintiff submits copies of handwritten affidavits he filed in the Circuit Court for Somerset County explaining that he no longer had access to a word processor as well as copies of documents concerning his claim about having to go outside during a thunderstorm. ECF No. 9. Nothing submitted by Plaintiff indicates that he missed a deadline by virtue of not having his word processor.

definition 'retaliatory' in the sense that it responds directly to prisoner misconduct.'" *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996), quoting *Adams v. Rice*, 40 F.3d 72,74 (4th Cir. 1994). The fact of the matter is that Plaintiff was convicted of a serious disciplinary violation which is reason enough to change the prison where he is incarcerated and to alter the list of property he is allowed to have. To the extent a retaliation claim is alleged, the claim fails.

The only relief sought in the Complaint was injunctive relief. Plaintiff has failed to establish that he is entitled to that relief. Accordingly, by separate Order which follows, the Complaint will be dismissed.

/s/

 September 8, 2011  
Date

_____  
William M. Nickerson  
Senior United States District Judge

4